IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Terrance Hough, | Case No. 1:12 CV 2943 |
| Petitioner, | ORDER ADOPTING R&R |
| -vs- | JUDGE JACK ZOUHARY |
| Warden Sheldon, | |
| Respondent. | |

## INTRODUCTION

Petitioner Terrance Hough filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). This Court referred Hough's case to Magistrate Judge Baughman, whose Report and Recommendation ("R&R") recommends denying in part and dismissing in part the Petition (Doc. 24 at 3). Hough objects to the R&R (Doc. 27). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court reviewed de novo the Magistrate Judge's findings. This Court overrules Hough's Objection and adopts the R&R.

## BACKGROUND

The R&R accurately states the relevant factual and procedural background, and this Court adopts that recitation (Doc. 24 at 4–16). On July 4, 2007, upset that people at a neighboring house had set off fireworks late into the night, Hough shot five people, murdering three. A jury found Hough committed the shootings with "prior calculation and design." A state court sentenced Hough to three terms of life imprisonment for the aggravated murders, and an additional 23 years of imprisonment for other crimes.

**STANDARD OF REVIEW**

28 U.S.C. § 2254(d) forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state-court decision is contrary to "clearly established Federal law" under Section 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *(Terry) Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no fairminded disagreement on the question." *White v. Woodall*, 134 S. Ct. 1697, 1706–07 (2014) (internal quotation marks omitted).

**DISCUSSION**

Hough argues the R&R erroneously recommends rejection of his claims of insufficiency of evidence (Doc. 27 at 2–3), ineffective assistance of trial counsel (*id*. at 3–4), and ineffective assistance of appellate counsel (*id*. at 4–6).  Hough also argues the R&R misapplies case law in rejecting his judicial bias claim (*id*. at 6–7).  The Ohio courts rejected these four claims on the merits.

In conclusory fashion, Hough states that the Ohio court of appeals unreasonably applied clearly established federal law in rejecting his insufficiency of evidence and ineffective assistance of

2

trial and appellate counsel claims. Having reviewed the Ohio court's reasoning, this Court agrees with the R&R that none of these state court rulings resulted in an unreasonable application of clearly established federal law (*see* Doc. 24 at 21–37).

Hough's only objection supported by a developed argument addresses the state court's consideration of his judicial bias claim (Doc. 27 at 6–7). Hough claims the R&R "fail[s] to consider (or incorporate) th[e] application of federal law [concerning claims of judicial bias] set forth by the United States Supreme Court and recognized by the Sixth Circuit" in *Getsy v. Mitchell*, 456 F.3d 575 (6th Cir. 2006) (*id.*). But *Getsy* simply restates controlling Supreme Court case law, and only the unreasonable application of Supreme Court precedent permits relitigation in federal court of a claim addressed on the merits in state court. *See Woodall*, 134 S. Ct. at 1702. For the reasons stated in the R&R, this Court concludes that the Ohio court's denial of Hough's judicial bias claim is not an unreasonable application of the controlling standard set forth in *Liteky v. United States*, 510 U.S. 540, 555 (1994) (*see* Doc. 24 at 37–41) (noting the Ohio court cited and applied *Liteky*).

Hough conceded in his Traverse that the Petition's three remaining grounds for relief (prosecutorial misconduct, ineffective assistance of trial counsel relating to forensic evidence, and a double-jeopardy claim) are procedurally defaulted and, further, that he "waives" these claims in this Court (Doc. 22 at 2 (Traverse); Doc. 1 at 18, 25, 42 (Petition)). Therefore, this Court also accepts the R&R's recommendation that these claims be dismissed (Doc. 24 at 41).

## CONCLUSION

For these reasons, this Court overrules Hough's Objection (Doc. 27) and adopts the R&R (Doc. 24). Hough's Petition is dismissed in part and denied in part. Because Hough fails to make a

3

substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability on any claim. *See* 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*

                                                   JACK ZOUHARY
                                                   U.S. DISTRICT JUDGE

                                                   June 16, 2015